UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
*Eastern Division*

| | |
|---|---|
| WenzhouFuruisi Jiancaiyouxiangongsi ("FORIOUS"), ) ) ) Plaintiff, ) v. ) ) Wenzhou Falanshidun Sanitary Ware Co., Ltd., ) ) Defendant. ) ) ) ) ) ) ) | Case No. 26-cv-5378 JURY TRIAL DEMANDED |

**COMPLAINT**

Plaintiff WenzhouFuruisi Jiancaiyouxiangongsi ("FORIOUS") for its Complaint against

Wenzhou Falanshidun Sanitary Ware Co., Ltd. ("Falanshidun" or "Fransiton") alleges:

**NATURE OF THE ACTION**

1.      This is a civil action for patent infringement of U.S. Patent No. 12,146,577 ("the

'577 Patent"), attached as **Exhibit A**, and U.S. Patent No. 12,146,578 ("the '578 Patent"),

attached as **Exhibit B** (collectively, the "Asserted Patents").  The Asserted Patents are directed to

a "Single Coupled Valve Body of Faucet."

**THE PARTIES**

2.      FORIOUS is a Chinese corporation with a principal place of business in

Wenzhou, China.

3.      FORIOUS owns all rights to the Asserted Patents.

4.      Upon information and belief, Falanshidun sells products, including bathroom

faucets, on Amazon.com under the seller name "Fransiton."

5.      Upon information and belief, Falanshidun is a Chinese company with no known

agents or representatives in the United States.

**JURISDICTION AND VENUE**

6.     This is an action for patent infringement arising under the Patent Laws of the United States, 35 U.S.C. §§ 1 et seq. The Court has subject matter jurisdiction over this patent infringement claim under 28 U.S.C. §§ 1331 and 1338(a).

7.     Falanshidun sells products to U.S. consumers on Amazon.com, which is directed to the U.S. market, including Illinois, and has directed sales into this district.

8.     Upon information and belief, Falanshidun systematically targets its business activities at U.S. consumers, including those in Illinois and this judicial district, through its online Amazon.com account.  Illinois residents, including those in this district, can view Falanshidun's sales listings on Amazon.com, can communicate with Falanshidun regarding Falanshidun's infringing product listings, can purchase infringing products for delivery into Illinois, including this district, and can receive corresponding sales confirmation.

9.     Falanshidun has sold infringing products into this district and Falanshidun should reasonably expect such actions to have consequences in Illinois and in this judicial district.

10.     The Court has personal jurisdiction over Falanshidun because, upon information and belief, Falanshidun regularly conducts, transacts and/or solicits business in this judicial district, has derived significant revenue from business transactions in this judicial district and otherwise has availed itself of the privileges and protections of Illinois law such that this Court's assertion of jurisdiction over Falanshidun does not offend traditional notions of fair play and due process.

11.     Venue is proper in this Court under 28 U.S.C. § 1391(c)(3) because Falanshidun is not a U.S. resident.

**BACKGROUND**

*History of FORIOUS*

12. FORIOUS is a pioneer in the design, development and manufacture of quality kitchen and bathroom faucets and accessories. Over the past 15 years, FORIOUS has established itself as an industry leader in the kitchen and bathroom faucet market.

13. FORIOUS has been praised and recognized for its product designs. For example, Forbes magazine named FORIOUS faucets among the best kitchen faucets sold in America in 2022. (*See* https://www.forbes.com/home-improvement/kitchen/best-kitchen-sink-faucets/). Good Housekeeping named a FORIOUS faucet as one of the 8 Best Kitchen Faucets of 2024. (*See* https://www.goodhousekeeping.com/home-products/g40678200/best-kitchen-faucets/). Bob Vila named FORIOUS as one of the 16 best Kitchen Faucet Brands of 2026. (*See* https://www.bobvila.com/articles/best-kitchen-faucet-brands/).

14. The United States Patent and Trademark Office has awarded various patents on the inventions embodied in FORIOUS' faucet products, including the Asserted Patents.

15. FORIOUS is the assignee and owner of all right, title, and interest in and to the '577 patent, which the United States Patent and Trademark Office issued on November 19, 2024.

16. FORIOUS is the assignee and owner of all right, title, and interest in and to the '578 patent, which the United States Patent and Trademark Office issued on November 19, 2024.

17. FORIOUS holds the exclusive rights to make, use, sell and/or offer to sell any invention embodying the claims of Asserted Patents throughout the United States, as well as the exclusive right to import any invention embodying the claims of the Asserted Patents into the United States.

*The Infringing Products*

18.	Falanshidun offers for sale and sells in the United States, for example via online marketplaces such as Amazon.com, products that infringe the Asserted Patents.  Upon information and belief, Falanshidun sells products, on Amazon.com under the seller name "Fransiton." According to the United States Patent and Trademark Office, the trademark for Fransiton (in a stylized font) is owned by Falanshidun.

19.	The Accused Products include faucets referenced as "Bathroom Faucet 3 Holes, 8 Inch Widespread Faucet 2 Handle Bathroom Sink Faucets Lead-Free" which are sold on Amazon.com in different styles under the following Amazon Standard Identification Numbers: B0FMFJLZ74, B0G2MN4LDB, B0FMFFC8C7 and B0FMFF29L9. Amazon.com identifies Fransiton as the seller of these products. These products are currently offered for sale at the following links:

- https://www.amazon.com/Bathroom-Faucet-FRANSITON-Lead-Free-Stopper/dp/B0FMFJLZ74

- https://www.amazon.com/Bathroom-Faucet-FRANSITON-Lead-Free-Stopper/dp/B0G2MN4LDB

- https://www.amazon.com/Bathroom-Faucet-FRANSITON-Lead-Free-Stopper/dp/B0FMFFC8C7

- https://www.amazon.com/Bathroom-Faucet-FRANSITON-Lead-Free-Stopper/dp/B0FMFF29L9

20.	The image below, which was obtained from the first link above, depicts one of the infringing faucet products referenced as "Bathroom Faucet 3 Holes, 8 Inch Widespread Faucet 2 Handle Bathroom Sink Faucets Lead-Free":



21.     The Accused Products also include faucets referenced as "Fransiton 8 Inch Widespread Bathroom Sink Faucet 3 Hole," which are sold on Amazon.com in different styles under the following Amazon Standard Identification Numbers: B0CCMNKG62, B0946GXYZ4, B0DMK69VC6, B0CCMNSN7X, B0DMK74CDB, B0CCMMWLLQ, and B0DMK21N3C. Amazon.com identifies Fransiton as the seller of the these products. These products are currently offered for sale at the following links:

- https://www.amazon.com/Fransiton-Bathroom-Brushed-Assembly-Widespread/dp/B0CCMNKG62

- https://www.amazon.com/Fransiton-Bathroom-Brushed-Assembly-Widespread/dp/B0946GXYZ4

- https://www.amazon.com/Fransiton-Bathroom-Brushed-Assembly-Widespread/dp/B0DMK69VC6

- https://www.amazon.com/Fransiton-Bathroom-Brushed-Assembly-Widespread/dp/B0CCMNSN7X

- https://www.amazon.com/Fransiton-Bathroom-Brushed-Assembly-Widespread/dp/B0DMK74CDB

- https://www.amazon.com/Fransiton-Bathroom-Brushed-Assembly-Widespread/dp/B0CCMMWLLQ

- https://www.amazon.com/Fransiton-Bathroom-Brushed-Assembly-Widespread/dp/B0DMK21N3C

22.     The image below, which was obtained from the first link above, depicts one of the infringing faucet products referenced as "Fransiton 8 Inch Widespread Bathroom Sink Faucet 3 Hole":



23.     The Accused Products infringe at least claim 1 of the '577 Patent by practicing each limitation of that claim.

24.     The Accused Products infringe at least claim 1 of the '578 Patent by practicing each limitation of that claim.

25.     Falanshidun is not licensed to make, import, use, offer to sell or sell any inventions claimed in the Asserted Patents.

6

**Count I**
**Infringement of the '577 Patent**

26.     FORIOUS incorporates the allegations contained in the preceding paragraphs as though fully set forth in this paragraph.

27.     Falanshidun has been, and currently is, directly infringing one or more claims of the '577 Patent, including at least claim 1, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, importing, using, offering to sell and selling the Accused Products.

28.     For example, as shown in the representative image below, the Accused Products incorporate a single coupled valve body of a faucet that practices each limitation of at least claim 1 of the '577 Patent.



29.     In the Accused Products, the single coupled valve body has a faucet body, a water outlet pipe, and water inlet pipe connecting threads.



7

30.     In the Accused Products, the faucet body has a top surface and a bottom surface opposite to each other, and a valve core mounting groove is defined on the top surface of the faucet body.



31.     In the Accused Products, the faucet body defines a water inlet channel and a first water outlet channel.  The water inlet channel and the first water outlet channel are communicated with the valve core mounting groove and penetrate the top surface and the bottom surface of the faucet body.



32.     In the Accused Products, the water outlet pipe is connected to the bottom surface of the faucet body.  The water outlet pipe comprises a second water outlet channel communicated with the first water outlet channel, and the water inlet pipe connecting threads are disposed in the water inlet channel.



33.    In the Accused Products, the faucet body, the water outlet pipe, and the water inlet pipe connecting threads are made of plastic; and the faucet body, the water outlet pipe, and the water inlet pipe connecting threads are integrally disposed.



34.    In the Accused Products, the water outlet pipe further comprises a first pipe, a second pipe, and a reinforcing structure. A first end of the first pipe is connected to the bottom surface of the faucet body; one end of the second pipe is connected to a second end of the first pipe; the reinforcing structure is disposed on an outer surface of the first pipe; and the reinforcing structure is at least connected to the bottom surface of the faucet body; wherein a first end of the reinforcing structure is connected to the bottom surface of the faucet body; and a second end of the reinforcing structure is connected to the second pipe.

9



35.     In the Accused Products, the reinforcing structure comprises at least one reinforcing rib; and a size of at least a portion of the at least one reinforcing rib gradually increases in a direction from the second pipe to the bottom surface of the faucet body.



36.     In the Accused Products, the reinforcing structure also comprises a first reinforcing rib, a second reinforcing rib, a third reinforcing rib, and a fourth reinforcing rib.  The first reinforcing rib, the second reinforcing rib, the third reinforcing rib, and the fourth reinforcing rib are disposed on the outer surface of the first pipe at intervals; wherein the first reinforcing rib is closer to the water inlet channel than the second reinforcing rib, the third

reinforcing rib, and the fourth reinforcing rib; the second reinforcing rib and the third reinforcing rib are closer to the water inlet channel than the fourth reinforcing rib; and wherein the size of at least a portion of at least one of the first reinforcing rib, the second reinforcing rib, the third reinforcing rib, and the fourth reinforcing rib gradually increases from the second pipe to the bottom surface of the faucet body.



37.     In the Accused Products, the first reinforcing rib comprises a first reinforcing section and a second reinforcing section.  The first reinforcing section and the second reinforcing section are connected; the first reinforcing section is connected to the bottom surface of the faucet body; the second reinforcing section is connected to the second pipe; and a width of the first reinforcing section is not less than twice a width of the second reinforcing section.



First reinforcing section

Second reinforcing section

38.     Falanshidun, after receiving notice of this action and knowing that its products infringe the '577 Patent, including at least claim 1, and with the specific intent for others to infringe the '577 Patent, have knowingly continued to, and currently, actively induce infringement of one or more claims of the '577 under 35 U.S.C. § 271(b) by, among other things, actively inducing others, including its customers, to infringe the '577 Patent.  Upon information and belief, Falanshidun accomplishes such inducement be continuing to direct and/or instruct others to use and or operate faucets that infringe at least claim 1 of the '577 Patent, including the Accused Products.

39.     Falanshidun's infringing acts are without license or authorization from FORIOUS.

40.     Falanshidun has had notice of its infringement of the '577 Patent since at least the filing of this action.

41.     Falanshidun's acts of infringement of the '577 Patent recited herein have been committed, and are being committed, with full knowledge of FORIOUS' rights in the '577 Patent.

42. Upon information and belief, Falanshidun has acted, and is continuing to act, despite an objectively high likelihood that its actions constitute infringement of a valid patent.

43. Upon information and belief, Falanshidun knew or should have known of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Falanshidun.

44. Pursuant to 35 U.S.C. § 284, FORIOUS is entitled to damages for Falanshidun's infringing acts. Falanshidun's acts further constitute willful and deliberate infringement, entitling FORIOUS to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs 35 U.S.C. § 285.

45. Unless Falanshidun is enjoined, it will continue to infringe the '577 Patent directly and to induce its customers to infringe the '577 Patent.

46. As a direct and proximate result of Falanshidun's infringement of the '577 Patent, FORIOUS has suffered irreparable harm. Monetary damages alone cannot compensate for this harm. Unless Falanshidun is enjoined from further infringement, Falanshidun will continue to harm FORIOUS irreparably.

### Count II
### Infringement of the '578 Patent

47. FORIOUS incorporates the allegations contained in the preceding paragraphs as though fully set forth in this paragraph.

48. Falanshidun has been, and currently is, directly infringing one or more claims of the '578 Patent, including at least claim 1, under 35 U.S.C. § 271(a), literally and/or under the doctrine of equivalents, by making, importing, using, offering to sell and selling the Accused Products.

49.     For example, as shown in the representative image below, the Accused Products incorporate a single coupled valve body of a faucet that practices each limitation of at least claim 1 of the '577 Patent.



50.     In the Accused Products, the single coupled valve body has a faucet body, a water outlet pipe, and a mounting component.



51.     In the Accused Products, the faucet body has a top surface and a bottom surface opposite to each other; and a valve core mounting groove is defined on the top surface of the faucet body.



52.     In the Accused Products, the faucet body defines a water inlet channel and a first water outlet channel; where the water inlet channel and the first water outlet channel are communicated with the valve core mounting groove and penetrate the top surface and the bottom surface of the faucet body.



53.     In the Accused Products, the water outlet pipe is connected to the bottom surface of the faucet body; the water outlet pipe comprises a second water outlet channel communicated with the first water outlet channel; both the faucet body and the water outlet pipe are made of plastic; and the faucet body and the water outlet pipe are integrally disposed.

15



Water outlet pipe comprising a second water outlet channel

54.     In the Accused Products, the mounting component comprises a mounting ring and mounting threads; the mounting ring is hollow; the mounting threads are disposed on an outer surface of the mounting ring; the mounting ring is sleeved on an outer surface of the faucet body; and the mounting ring and the mounting threads are made of metal.



Mounting ring

Mounting threads

55.     In the Accused Products, the mounting component comprises a mounting structure disposed on an inner surface of the mounting ring; the mounting structure is made of the metal; and the mounting structure is embedded in the faucet body.

16



Mounting structure

56.     In the Accused Products, the mounting structure comprises mounting bars; the mounting bars are disposed on the inner surface of the mounting ring at equal intervals; wherein each of the mounting bars extends along an axis direction of the mounting ring; and an extension direction of each of the mounting bars is substantially perpendicular to a spiral direction of the mounting threads.



Mounting bars

57.     In the Accused Products, the mounting structure comprises mounting groups, where each of the mounting groups comprises the mounting bars; the mounting bars of each of

17

the mounting groups are disposed at intervals around the inner surface of the mounting ring; and

the mounting groups are disposed at equal intervals along the axis direction of the mounting ring.



58.     In the Accused Products, the mounting groups comprise a first mounting group, a second mounting group, and a third mounting group; wherein the first mounting group, the second mounting group, and the third mounting group are sequentially disposed along the axis direction of the mounting ring; a first mounting gap is defined between the first mounting group and the second mounting group; a second mounting gap is defined between the second mounting group and the third mounting group; and the first mounting gap and the second mounting gap are disposed around the inner surface of the mounting ring.



59.     Falanshidun, after receiving notice of this action and knowing that its products infringe the '578 Patent, including at least claim 1, and with the specific intent for others to infringe the '578 Patent, have knowingly continued to, and currently, actively induce infringement of one or more claims of the '578 under 35 U.S.C. § 271(b) by, among other things, actively inducing others, including its customers, to infringe the '578 Patent.  Upon information and belief, Falanshidun accomplishes such inducement be continuing to direct and/or instruct others to use and or operate faucets that infringe at least claim 1 of the '578 Patent, including the Accused Products.

60.     Falanshidun's infringing acts are without license or authorization from FORIOUS.

61.     Falanshidun has had notice of its infringement of the '578 Patent since at least the filing of this action.

62.     Falanshidun's acts of infringement of the '578 Patent recited herein have been committed, and are being committed, with full knowledge of FORIOUS' rights in the '578 Patent.

63. Upon information and belief, Falanshidun has acted, and is continuing to act, despite an objectively high likelihood that its actions constitute infringement of a valid patent.

64. Upon information and belief, Falanshidun knew or should have known of that objectively high risk since at least the filing of this Complaint and/or the date this Complaint was served upon Falanshidun.

65. Pursuant to 35 U.S.C. § 284, FORIOUS is entitled to damages for Falanshidun's infringing acts. Falanshidun's acts further constitute willful and deliberate infringement, entitling FORIOUS to enhanced damages under 35 U.S.C. § 284 and reasonable attorneys' fees and costs 35 U.S.C. § 285.

66. Unless Falanshidun is enjoined, it will continue to infringe the '578 Patent directly and to induce its customers to infringe the '578 Patent.

67. As a direct and proximate result of Falanshidun's infringement of the '578 Patent, FORIOUS has suffered irreparable harm. Monetary damages alone cannot compensate for this harm. Unless Falanshidun is enjoined from further infringement, Falanshidun will continue to harm FORIOUS irreparably.

## REQUEST FOR RELIEF

WHEREFORE, FORIOUS asks this Court to:

a. Find that the Asserted Patents are valid and enforceable;

b. Find that Falanshidun has infringed the Asserted Patents;

c. Find that Falanshidun has induced infringement of the Asserted Patents since receiving notice of this action;

20

d.     Find that Falanshidun has willfully infringed, and continued to willfully infringe, the Asserted Patents;

e.     Permanently enjoin Falanshidun from infringing the Asserted Patents;

f.     Award FORIOUS damages sufficient to compensate it for Falanshidun's past infringement of the Asserted Patents, together with costs and pre-judgment interest;

g.     Find that this action constitutes an exceptional case and award FORIOUS its attorneys' fees, expenses and costs pursuant to 35 U.S.C. § 285;

h.     Award FORIOUS such other and further relief as may be just and proper under the circumstances.

**DEMAND FOR JURY TRIAL**

FORIOUS requests a trial by jury under Rule 38 of the Federal Rules of Civil Procedure of all issues that may be determined by a jury.

Respectfully submitted,

Dated:  May 8, 2026

/s/ Edward H. Rice
Edward H. Rice
Marina N. Saito
Steven M. Lubezny
Rice Technology Law Group
555 Skokie Blvd., Suite 500
Northbrook, IL 60062
ed@ricetechlaw.com
marina@ricetechlaw.com
steve@ricetechlaw.com
(224) 331-0568

*Counsel for Plaintiff*
*WenzhouFuruisi Jiancaiyouxiangongsi*
*("FORIOUS")*

21